| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

SUSAN RILEY;

(Name all parties)

v.

RFTC 2 CORP.

No. 2015-L-064019

**Defendant Address:**
RFTC 2 CORP.
208 S. LASALLE ST.
SUITE 814
CHICAGO, IL 60604

**Summons**

To each Defendant: ☑ SUMMONS ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 59567
Name: THE ACCESSIBILITY LAW GROUP
Atty. for: SUSAN RILEY
Address: 500 MICHIGAN AVE
City/State/Zip: CHICAGO, IL 60611
Telephone: (312) 396-4154

WITNESS, Friday, 18 September, 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
CALENDAR: L
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| SUZEN RILEY,<br><br>   *Plaintiff*,<br><br>v.<br><br>RFTC 2 CORP.; PANERA, LLC;<br><br>   *Defendants*. | Case No. _____<br><br><br>**COMPLAINT** |

  Plaintiff Suzen Riley, by and through the undersigned counsel, brings this action against Defendants RFTC 2 Corp., a Delaware business corporation; and Panera, LLC, a Delaware limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

## INTRODUCTION

  1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the restaurant known as "Panera Bread", even though such removal is readily achievable.

  2. The violations alleged in this complaint occurred at "Panera Bread", located at 7349 Lake St., River Forest IL 60305.

  3. Defendants' failure to provide equal access to "Panera Bread" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

  4. Defendants' conduct constitutes an ongoing and continuous violation of the law.

  5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
PAGE 2 of 7

are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA. This Court has concurrent jurisdiction over the federal cause of action.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Suzen Riley is a resident of the city of Oak Park, Illinois. Plaintiff Riley suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9. Plaintiff Suzen Riley suffered a stroke and underwent brain surgery while pregnant. She has also suffered additional strokes and has been struck by a vehicle. She began using a wheelchair for mobility since 2009. These events have substantially limited her ability to perform several major life activities, including but not limited to walking and standing. She is required to sue a wheelchair for mobility. As a person with a disability, she has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant RFTC 2 Corp., a Delaware business corporation, is the owner of the real property and improvements which are the subject of this action, the restaurant "Panera Bread", a place of public accommodation within the meaning of the ADA, located at the street address of 7349 Lake St., River Forest IL 60305.

11. Defendant Panera, LLC, a Delaware limited liability company doing business as "Panera Bread" is the operator of the real property and improvements which are the subject of this action, the restaurant "Panera Bread", a place of public accommodation within the meaning of the ADA, located at the street address of 7349 Lake St., River Forest IL 60305.

## FACTUAL BACKGROUND

12. On or around August 12, 2015 Plaintiff Riley attempted to visit "Panera Bread", which is located approximately 2 miles from her apartment.

13. Upon arrival, Plaintiff Riley found that the food pickup counter was too high for her to reach safely and comfortably while in her wheelchair. A photograph in Exhibit A to this Complaint shows the "Panera Bread" pickup counter.

14. Plaintiff Riley has visited "Panera Bread" in the past and informed store management about the counter height problem. She is afraid that she will drop her food or spill hot soup on herself while retrieving items from the pickup counter.

15. In light of the architectural barriers at "Panera Bread", Plaintiff Riley is deterred from visiting "Panera Bread" in the future. She is unable to collect her food items in a safe manner from the pickup counter at "Panera Bread". Plaintiff Riley would like to be able to patronize "Panera Bread", but these architectural barriers deter her from doing so. She plans to return and patronize "Panera Bread" when she learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

16. Plaintiff Riley attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of her disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Riley cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
PAGE 3 of 7

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
PAGE 4 of 7

## FACT ALLEGATIONS

17. Defendants have discriminated against Plaintiff Riley on the basis of her disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to "Panera Bread". A specific, though not exclusive, list of unlawful physical barriers and violations present at "Panera Bread" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. The food pickup service counter at "Panera Bread" does not have a section at least 36 inches long that is no more than 36 inches above the finished floor, in violation of ADAAG 904.4.1.

18. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Panera Bread".

19. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Panera Bread" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

20. Compliance with the ADA standards and the ADAAG are required because "Panera Bread" was required to comply with the 1991 standards at the time of construction. The rule for service counter height in force at the time, 1991 ADAAG 7.2, states:

   [In] retail stores where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 in (915mm) in length with a maximum height of 36 in (915 mm) above the finish floor.

21. Compliance with the ADA standards and the ADAAG is also required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers.

- 4 -

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
PAGE 5 of 7

22. As a person with a disability, Plaintiff Riley has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

23. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Panera Bread" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

24. Plaintiff incorporates and realleges the above paragraphs.

25. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

26. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

27. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Riley has been denied full and equal access to "Panera Bread" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
PAGE 6 of 7

28. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

29. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Riley, even though removing the barriers is readily achievable.

30. Plaintiff Riley plans to visit "Panera Bread" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to "Panera Bread" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

31. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Panera Bread" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Panera Bread" until such time as Defendants cure the access barriers.

32. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with

disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: September 18, 2015

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
PAGE 7 of 7

/s/ John Steele
John L. Steele (# 59567)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154

# EXHIBIT A

ELECTRONICALLY FILED
9/18/2015 8:55 AM
2015-L-064019
CALENDAR: L
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

